IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

BRADFORD LYNN EDWARDS,

    Petitioner,

v.                                                      No. 4:06cv558/WS/MD

JAMES R. MCDONOUGH,

    Respondent.

_____

## REPORT AND RECOMMENDATION

    Before the court is an amended petition for writ of habeas corpus filed pursuant to Title 28 U.S.C. § 2254 (doc. 15).  Respondent has filed a response (doc. 20).  Petitioner was invited to reply, and his time for doing so was extended at his request through November 23, 2007, but he has not replied.  The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After careful consideration of all issues raised by petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a).  It is further the opinion of the undersigned that the pleadings and attachments before the court show that the petition should be dismissed because petitioner procedurally defaulted his claims.

## BACKGROUND AND PROCEDURAL HISTORY

    Petitioner, a Florida prisoner serving a life sentence, received a Disciplinary Report (DR) for allegedly conspiring to conduct a business while incarcerated, in violation of Department of Corrections' (DOC) regulations, Florida Administrative

Code § 33-602.207.  A disciplinary tribunal found him guilty and sentenced him to 30 days confinement with additional loss of gain time and work time, with an adverse change in his possible parole date.  Petitioner sought review through the prison administrative process.  His appeal was denied at the highest DOC level on November 14, 2006 (doc. 15, p. 25), and he filed an apparently timely petition for writ of mandamus in the Circuit Court of Leon County, Florida (doc. 20-2).[1]  A month later he filed a motion for voluntary dismissal (*id.*), which was granted on January 29, 2007 (doc. 20-3).  Petitioner has taken no further action to challenge the decision of the disciplinary tribunal.

**Exhaustion and default.**

It is a long-standing prerequisite to the filing of a federal habeas corpus petition that the petitioner have exhausted available state court remedies, 28 U.S.C. § 2254(b)(1),[2] thereby giving the State the "'opportunity to pass upon and correct'

---

[1] In his amended petition, petitioner says that he filed no petitions with respect to this judgment in the state courts.  Since he voluntarily dismissed his petition, this can be read as technically correct.  Ultimately it makes no difference.

[2] Section 2254 provides, in pertinent part:

(b)(1)   An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–

   (A)  the applicant has exhausted the remedies available in the courts of the State; or

   (B) (i)  there is an absence of available State corrective process; or

       (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
. . . .
(c)  An applicant shall not be deemed to have exhausted the remedies available in the courts of the

*Case No: 4:06cv558/WS/MD*

alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365, 115 S.Ct. 887, 888, 130 L.Ed.2d 865 (1995) (quoting *Picard v. Connor*, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971) (citation omitted)).  To satisfy the exhaustion requirement, the petitioner must "fairly present" his claim in each appropriate state court, alerting that court to the federal nature of the claim. *Duncan*, *supra*, 513 U.S. at 365-66; *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *Picard*, 404 U.S. at 277-78.

Under Florida law, "the proper remedy for a prisoner to pursue in challenging a sentencing-reducing credit determination by the Department where the prisoner has exhausted administrative remedies and is not alleging entitlement to immediate release, continues to be a mandamus petition filed in the circuit court." *Bush v. State*, 945 So.2d 1207, 1211 (Fla. 2006).  The Circuit Court of Leon County is the appropriate forum for seeking relief. *Id*. at 1213.  The final order of a circuit court ruling on an administrative action is reviewable in the state district court of appeal by certiorari.  FLA.R.APP.P. 9.030(b)(2)(B); *Sheley v. Florida Parole Comm'n*, 720 So.2d 216 (Fla. 1998); *see also McDuffy* at 1004 (extending principle of *Sheley* to mandamus petitions addressing disciplinary actions of the DOC); *Doss v. Florida Dept. of Corrections*, 730 so.2d 316 (Fla. 4th DCA 1999) (same).  Because the circuit court's review of the DOC's decision is appellate in nature, the inmate is not entitled to a second opportunity for review on the merits; rather, on the second level of review in the district court the issue is limited to a determination whether the circuit court afforded due process and whether the court observed the essential requirements of law. *Sheley* at 217 (quoting with approval *Sheley v. Florida Parole Comm'n,* 703 So.2d 1202, 1206 (Fla. 1st DCA 1997)).  In the instant case, although

---

State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

petitioner properly exhausted his administrative remedies and properly raised his claims in the appropriate state court, he voluntarily dismissed his state court petition, thus ending his state court review.  He therefore failed to give the state courts the opportunity to pass upon and correct his federal constitutional claims. *Duncan, supra.*

A petition challenging an order of the DOC must be filed within 30 days of rendition, *Ortiz v. Moore*, 741 So.2d 1153, 1154 (Fla. 1st DCA 1999).  More than 30 days have elapsed since the rendition of the final DOC order, and it is now too late for petitioner to return to the state courts for relief.  He is therefore barred by state procedural rules from exhausting his claims.  An issue that was not presented to the state court and which can no longer be litigated under state procedural rules is considered procedurally defaulted, *i.e.,* procedurally barred from federal review. *O'Sullivan*, 526 U.S. at 839-40, 848, 119 S.Ct. at 1734; *Bailey v. Nagle*, 172 F.3d 1299, 1302-03 (11th Cir. 1999).

To overcome a procedural default, the petitioner must show cause and prejudice or a fundamental miscarriage of justice in order for the federal habeas court to reach the merits of a claim. *Tower v. Phillips*, 7 F.3d 206, 210 (11th Cir. 1993); *Parker v. Dugger*, 876 F.2d 1470 (11th Cir. 1990), *rev'd on other grounds*, 498 U.S. 308, 111 S. Ct. 731, 112 L.Ed.2d 812 (1991).  "For cause to exist, an external impediment, whether it be governmental interference or the reasonable unavailability of the factual basis for the claim, must have prevented petitioner from raising the claim." *McCleskey v. Zant*, 499 U.S. 467, 497, 111 S. Ct. 1454, 1472, 113 L. Ed. 2d 517 (1991) (quoting *Murray v. Carrier*, 477 U.S. 478, 488, 106 S. Ct. 2639, 2645, 91 L.Ed.2d 397 (1986)).  Lack of counsel or ignorance of available procedures is not enough to establish cause.  *Tower v. Phillips, supra.*  To satisfy the miscarriage of justice exception, the petitioner must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S.

Case No: 4:06cv558/WS/MD

298, 327, 115 S.Ct. 85, 130 L.Ed.2d 808 (1995). "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him." *Schlup*, 513 U.S. at 327. Further:

> a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. To be credible, such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial.

*Id.*

This court can find no external impediment which prevented petitioner from pursuing his claims in the state courts, and although he claims that he is actually innocent of the charge, he has failed to present "newly discovered evidence" or to make any other showing sufficient to meet the miscarriage of justice exception. This court is therefore barred from considering his claims, and the petition should be dismissed as procedurally defaulted.

Accordingly, it is respectfully RECOMMENDED that the amended petition for writ of habeas corpus, (doc. 15) be dismissed with prejudice.

At Pensacola, Florida this 20th day of December, 2007.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).